**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WALTHER FABIAN DE LA CRUZ
RODRIGUEZ,

    Defendant - Appellant.

No. 25-5151
(D.C. No. 4:24-CR-00175-JDR-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, Chief Judge, **HARTZ** and **ROSSMAN,** Circuit Judges.

_____

Walther Fabian de la Cruz Rodriguez pleaded guilty to coercion and

enticement of a minor and sexual abuse of a minor in Indian Country.  He was

sentenced to 342 months in prison.  Mr. de la Cruz Rodriguez seeks to appeal his

sentence.  The government filed a motion to enforce the appeal waiver contained in

his plea agreement.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)

(en banc) (per curiam).

Mr. de la Cruz Rodriguez's attorney responded, saying it would be frivolous to

oppose the government's motion.  *See Anders v. California*, 386 U.S. 738, 744

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(1967). His attorney also requests leave to withdraw. We invited Mr. de la Cruz Rodriguez to respond, but he has not done so. Our duty in these circumstances is to examine the record and decide whether opposing the government's motion would be frivolous. *See id.* We conclude that it would, and that Mr. de la Cruz Rodriguez's appeal waiver is enforceable.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325.

**Scope of the Waiver**

Mr. de la Cruz Rodriguez waived the right to appeal his convictions as part of his plea agreement. And he waived his right to appeal his sentence unless it exceeded the statutory maximum. Mr. de la Cruz Rodriguez's sentence does not exceed the applicable statutory maximums for either of the crimes he pleaded guilty to, so his waiver covers this appeal.

**Knowing and Voluntary Waiver**

Both the plea agreement and the plea colloquy make clear that the plea waiver was knowing and voluntary. Mr. de la Cruz Rodriguez is a native Spanish speaker who does not read or understand English. With the help of an interpreter, Mr. de la Cruz Rodriguez reviewed the plea agreement with his attorney and entered his change of plea. With the assistance of his interpreter, Mr. de la Cruz Rodriguez indicated that he understood the proceedings, represented he was not under the

influence of any substances, was able to think clearly, was provided word-for-word translations of the documents in his case, and discussed his proceedings with his attorney. Nothing in the record indicates that Mr. de la Cruz Rodriguez's plea was entered unknowingly or involuntarily.

**Miscarriage of Justice**

Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See Hahn*, 359 F.3d at 1327. We see nothing suggesting that enforcing the waiver here will result in a miscarriage of justice.

We grant counsel's motion to withdraw. We grant the government's motion to enforce the appeal waiver. We dismiss this appeal.

Entered for the Court

Per Curiam